## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-CV-02361-WJM-MEH

**TYLER HOOG**
**Plaintiff**

**Vs.**

**CHRYSLER GROUP LLC, a Delaware Limited Liability Company**
**Defendant**

---

### AGREED SHARING PROTECTIVE ORDER

---

The undersigned parties, Plaintiff Tyler Hoog and Defendant Chrysler Group LLC ("Chrysler Group") hereby stipulate to the following Protective Order:

1.      Copies of documents, information and other things produced in formal or informal disclosure and discovery, which are designated by the producing party as containing trade secrets or other confidential or proprietary research, development or commercial information, and which otherwise warrant protection under Federal Rule of Civil Procedure 26(c) ("Confidential Discovery Material"), shall be produced to the offices of counsel for parties.  No further disclosure or dissemination of Confidential Discovery Material may be made except as permitted by this Protective Order, or further Order of the Court.

2.      The producing party has the burden of proving that Confidential Discovery Material contains trade secrets or other confidential or proprietary research, development or commercial information.  Prior to designating any material as Confidential Discovery Material, the producing party must make a bona fide, good faith determination that the materials, in fact, contain trade secrets or other confidential or proprietary research, development or commercial information.

3.      All Confidential Discovery Material and all information derived there from will be handled in strict accordance with the terms of this Protective Order.

4.      Confidential Discovery Material will not include (a) advertising material; (b) materials that on their face show that they have been published to the general public; (c) any document included with the vehicle at the time of sale; or (d) any repair or parts catalogue generally available to the public.

5.      At any time during the pendency of this litigation, a party may request that specific Confidential Discovery Material be removed from the protection of this Protective Order.  Such request shall be made in writing to counsel for the producing party, and must contain a listing of the specific Confidential Discovery Material that the challenging party seeks to remove from the protection of this Protective Order, and the basis of the request.  If the parties are unable to resolve the issue through negotiation, within twenty-one (21) days of the producing party's receipt of any such request, the producing party may file with the Court an appropriate motion to seek a judicial determination of the confidential status of any Confidential Discovery Material at issue.  If such a motion is filed, the Confidential Discovery Material shall remain subject to this Protective Order until such time as the court orders otherwise.   The producing party will have the burden to show that the challenged material contains trade secrets or other confidential or proprietary research, development or commercial information, and that it warrants protection under Federal Rule of Civil Procedure 26(c).  If the producing party does not file a motion within twenty-one (21) days of receipt of a request to remove confidentiality, the protection will be removed and a clean document will be produced within fourteen (14) days.

6.      Counsel for the parties may make copies of the Confidential Discovery Materials produced subject to this Protective Order; provided, however, that such copies shall not be disseminated or distributed other than to (1) the parties, (2) counsel for the parties and their employees; (3) experts retained by counsel to assist in the preparation for or trial of this matter, (4) court reporters involved in the reporting of depositions taken in this case, and (5) the Court.

7.      Counsel for the parties may share Confidential Discovery Material produced by Chrysler Group with attorneys and expert witnesses involved in other litigation against Chrysler Group, and which

involve claims of vehicle defect(s).  Those attorneys or experts with whom the information is shared must

certify in writing that they will not release Confidential Discovery Material to competitors of the

defendants, and that they will abide by the terms of this Protective Order. Attached hereto, as Exhibit A,

is a form that must be executed by each such person requesting access to Confidential Discovery

Material.  Notwithstanding any other provision of this Protective Order, such other attorneys and experts

may not further disseminate the Confidential Discovery Material without the written consent of the

producing party.   Any recipient of Confidential Discovery Material shall exercise reasonable and

appropriate care with regard to the storage, custody, and/or use of Confidential Discovery Material in

order to insure that its confidential nature is maintained.

8.      Before any Confidential Discovery Material, or the substance or a summary thereof, is disclosed

to experts or consultants retained by the parties to this case or their counsel as provided in Paragraph 6, or

to an attorney or expert as provided in Paragraph 7, counsel making such disclosure must tender a copy of

this Protective Order to each such person in order that each such person to whom such disclosure is made

shall be on notice and fully informed that this Protective Order is, and is intended to be, binding upon it,

him or her.

9.      Documents and things designated as Confidential Discovery Material shall be marked on each

page of the document or things produced in such a fashion as to indicate that it is subject to this Protective

Order.  In making this designation, the producing party shall not add to the production copy diagonal

stripes and/or other markings across the text of any document.  In designating any Confidential Discovery

Material, the producing party shall preserve the legibility of all such materials in their entirety.


10.     Deposition transcripts and exhibits which refer to Confidential Discovery Material must be

designated by a party as subject to this Protective Order before or during the course of the deposition, or

in writing within thirty (30) days after receipt of the transcripts of said depositions.

11.      In the event that any Confidential Discovery Material subject to this Protective Order is included

with, or the contents thereof are in any way disclosed, in any pleading, motion or other paper filed with

the Clerk of this Court, they shall clearly marked  as containing Confidential Discovery Material and filed

under seal pursuant to applicable court rules.  Such Confidential Discovery Material when physically filed

shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of

the contents, and the following designation:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order
> entered by the Court in this action governing use of confidential discovery
> material.  The envelope shall not be opened or the contents thereof
> displayed or revealed except by order of the Court.  Violation hereof may
> be regarded as contempt of Court.

 Such Confidential Discovery Material shall be kept confidential and under seal by the Clerk until further

order of the Court.  Upon good cause shown, the Court may order that the use of any such Confidential

Discovery Material or of information contained therein and any testimony associated with the

Confidential Discovery Material contained therein shall be held *in camera*.

12.      The inadvertent production of any attorney-client privileged and/or work product protected

documents in this federal proceeding shall be governed by F.R.E. 502.

13.      Nothing in this Protective Order shall be deemed a waiver of producing party's rights to (a)

oppose discovery upon grounds other than that the documents, information or other things sought

constitute or contain confidential, proprietary or trade secret information; or (b) object on any ground to

the admission in evidence, at the trial of this action, of any document, information or other thing produced

subject to this Protective Order.

14.      All Confidential Discovery Material shall be treated as authenticated business records, without

further proof, testimony, or affidavits, unless the producing party provides notice at the time of production

that a specific document cannot be authenticated, or that it is not a business record, and the reasons why.

15.      If, at the time of trial, a party intends to introduce into evidence any Confidential Discovery

Material, the party shall give timely notice of such intention to the Court and counsel for the producing

party, so that the producing party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information.

16.    Upon the termination of this lawsuit, by judgment, settlement or otherwise, counsel will retrieve all Confidential Discovery Material, including all photocopies, duplicates, abstracts or reproductions of such materials, from any experts or consultants to whom such Confidential Discovery Material has been provided.  This Protective Order shall continue to apply to all Confidential Discovery Material produced by the parties.   Within 45 days of the execution of documentation terminating this lawsuit, counsel will, at its option, certify the Confidential Discovery Materials have been destroyed or return them to counsel for the producing party, at Chrysler Group's expense.   Counsel may retain the Confidential Discovery Material produced pursuant to this Protective Order as well as any copies, prints, summaries, and other reproductions or derivations of such Confidential Discovery Materials, for use as permitted in Paragraph 7 of this Protective Order.


**BY THE COURT:**


By: _____/S Michael E. Hegarty_____
        **UNITED STATES MAGISTRATE JUDGE**



Dated: _____November 20, 2014_____

**STIPULATED AS TO FORM:**

s/ Patrick M. Ardis

_____

Patrick M. Ardis (#21283)                Date:  November 19, 2014
WOLFF ARDIS, P.C.
5810 Shelby Oaks Dr.
Memphis, TN 38134
901-763-3336
901-763-3376
pardis@wolffardis.com

Attorney for Plaintiff


s/ Darin J. Lang

_____

Darin J. Lang (#32343)                   Date:  November 19, 2014
Hall & Evans, L.L.C.
10001 17th Street, Suite 300
Denver, CO 80202
303-628-3300
909-628-3368
langd@hallevans.com

Attorney for Defendant Chrysler Group LLC

**EXHIBIT A**

**AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS**

NAME:

NAME OF LAW FIRM/EXPERT:

ADDRESS:

PHONE NUMBER:

NAME OF PLAINTIFF:

DATE OF ACCIDENT:


VEHICLE: _____      _____ _____
                       MAKE                MODEL                YEAR

IF SUIT HAS BEEN FILED:

_____       _____      _____
CAUSE NO.                        COURT                      STATE

       I certify that I am an attorney at law licensed and admitted to practice in the State of _____, or an expert, and that I am presently employed to represent the above-injured person and/or plaintiff(s) in the investigation or prosecution of a pending case against Chrysler Group LLC involving claims of vehicle defect(s).  I request access to confidential materials in the possession of _____ for the purpose of assisting in the development of Plaintiffs' claims in such case and/or determining whether or not the Plaintiffs have a valid claim in such case.

       I certify that neither I, nor any member of the law firm with which I am affiliated presently represents any Chrysler entity or expects to represent any Chrysler entity or their insurers in any litigation.

       I certify that I have read the terms of the Protective Order issued by the U.S. District Court for the District of Colorado, which is attached to this document, and that I will, in all things, abide by such Protective Order according to the terms of the same.

                                       _____
                                       Lawyer/Expert